**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1997

JOVITA MENÉNDEZ; LEANDRO MENÉNDEZ; and
CONJUGAL PARTNERSHIP MENÉNDEZ-MENÉNDEZ,

Plaintiffs, Appellants,

v.

SCOTIABANK OF PUERTO RICO, INC.; THE BANK OF NOVA SCOTIA,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, Senior U.S. District Judge]

---

Before

Boudin, Chief Judge,

Torruella and Howard, Circuit Judges.

---

Enrique A. Báez-Godínez and Law Office of Enrique A. Báez-
Godínez on brief for appellants.
Luis F. Antonetti-Zequeira, Javier G. Vázquez-Segarra and
Goldman Antonetti & Córdova, P.S.C. on brief for appellees.

---

June 14, 2005

---

**Per Curiam**.  In June 2001, Jovita Menendez, an account manager at Scotiabank of Puerto Rico, applied for a posted job as senior account manager.  On June 22, the job went instead to Francisco Vazquez, whose rank (branch manager) was higher than that of Menendez and just below senior account manager.  Vazquez was a male aged 35; Menendez was then 54 years old.

On the same day as the decision to promote Vazquez, Menendez wrote to the head of Scotiabank, claiming that age and gender discrimination had deprived her of the post.  In October 2001, Menendez left Scotiabank on sick leave and then applied for disability.  On July 12, 2002, Menendez filed an age and gender discrimination charge with the EEOC, which issued her a "right-to-sue" letter that same day.

Menendez brought suit in federal court on October 1, 2002, against Scotiabank and its parent company (collectively "Scotiabank"), alleging violations of Title VII and the ADEA, as well as Puerto Rico's anti-discrimination law.  42 U.S.C. §§ 2000e to 2000e-17 (2000); 29 U.S.C. §§ 621-634 (2000); 29 P.R. Laws Ann. §§ 146-155 (2001).  The centerpiece of the complaint was the failure to promote, but the complaint also alleged various grievances from earlier years (inadequate supplies, a failure at an early point to raise her job classification, her increased work load).

In addition to defending the choice to promote Vazquez rather than Menendez, Scotiabank sought summary judgment on statute of limitations grounds. It asserted that the filing for the federal claims had to be made within 300 days of the violation and for the local claims within 365 days; Menendez had in fact waited 385 days.[1] Menendez replied that the violations were systemic and serial and that, as to those claims, genuine issues of material fact precluded summary judgment.

On May 27, 2004, the district court granted summary judgment for Scotiabank in a detailed 21-page decision. After an unsuccessful Rule 59 motion for reconsideration, Fed. R. Civ. P. 59(e), Menendez brought this appeal, arguing in substance that four discriminatory acts occurring after June 2001 precluded summary judgment. Our review of the grant of summary judgment is de novo. Noviello v. City of Boston, 398 F.3d 76, 84 (1st Cir. 2005).

First, Menendez says that Nestor Vale, one of Menendez' supervisors, began after June 2001 to address Menendez as "Doña Jovita." "Doña," says Menendez, is a term used to denote respect for "elderly individuals" and was used by Vale in a "cynical and contemptuous" manner. It is almost impossible to find any evidence

---

[1]See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); see also National Railroad Passenger Co. v. Morgan, 536 U.S. 101, 110-14 (2002) (under Title VII, "discrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges"); American Airlines, Inc. v. Cardoza-Rodriguez, 133 F.3d 111, 122 (1st Cir. 1998) (ADEA); id. at 124-25 (Puerto Rico's "Law 100").

supplied by Menendez as to when these statements were made or in what context but, in any event, they are not enough to rescue her claim.

Menendez does not say that these remarks were themselves violations of any anti-discrimination laws, and they were not identified in her complaint. Whether or not they are evidence of motive bearing on the failure to promote does not matter: Menendez' own letter to Scotiabank's CEO shows that she was on immediate notice of the alleged discriminatory motive. Nor do such remarks turn a specific employment action occurring at an earlier time into a serial or systemic violation.

Second, Menendez says that when she went on sick leave and applied for disability, her work was taken over for the time being--Puerto Rico law protected for 12 months Menendez' right to return to her position--by another employee, Liza Nieves. Nieves, says Menendez, was a younger woman with a higher job classification and salary. Menendez nowhere in her brief explains just why she thinks this helps her case.

Possibly Menendez infers that Nieves' temporary handling of the work shows that all along Menendez' job should have enjoyed the higher rank and salary. But the brief does not say this and the inference is pretty lame as applied to a temporary assumption of duties; during strikes, for example, management employees often take over lower-level jobs. Even a stronger inference would at

best be evidence as to the prior failure-to-promote charge--and so of no help on the limitations issue.

Third, Menendez claims that, unlike other employees, she was given inadequate office equipment and work space. The district court found that any deprivations occurred in 1999 or 2000, well before the failure to promote. Menendez points to no specific event occurring after the later date. Nor does she explain how these events bolster her claim of a pattern of either age or gender discrimination, given the lack of any indication that other women or older employees suffered in the same way.

Fourth, Menendez says that she was denied her "VIP bonus" for the fiscal year ending on October 31, 2001. Menendez says that it was ordinary practice to pro-rate the bonus for employees on medical leave. The company says that Menendez was not entitled to a bonus, because she was not an active employee at year's end and had not gotten an evaluation for the year. The written bonus policy, submitted by Scotiabank, does list both requirements and says nothing about pro-rating bonuses.

In any event, if intended by Menendez to suggest a discriminatory motive for the failure to promote, this bonus incident does not extend the statute for the known failure to promote. And, if intended as a separate actionable act of discrimination, Menendez points to no substantial evidence that the decision as to the bonus was based upon age or gender; nor did she

-5-

include the incident as a discriminatory act in either her EEOC claim or her court complaint.

<u>Affirmed</u>.